UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**BORIS NICKOLAEVICH SKUDNOV** *et al.*                                     **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 1:11CV-70-R**

**HOUSING AUTHORITY OF BOWLING GREEN**                        **DEFENDANT**

## MEMORANDUM OPINION

Plaintiffs Boris Nickolaevich Skudnov and Stanislav Borisovich Skudnov initiated this "action" by filing a document styled "motion for extension of time to file responsive pleading," a summons directed to the Housing Authority of Bowling Green, and a motion to proceed *in forma pauperis*. Plaintiff's motion states simply, "comes Boris Nickolaevich Skudnov and moves the Court for an extension of time through May 12, 2011, in which to file a responsive pleading."

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Moreover, "[a] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). The dismissal should

issue as soon as the Court determines that subject-matter jurisdiction is lacking.

Plaintiffs have not articulated any federal law claims or pleaded any state law claims that would meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332.  In short, Plaintiffs have not established any case or controversy over which this Court may exercise jurisdiction.  Accordingly, for the reasons set forth above, the Court will enter a separate Order of dismissal.

Date:

cc: Plaintiffs, *pro se*
4413.008